POSNAK & TURKISH, INCORPORATED, A CORPORATION OF NEW JERSEY, APPELLANT, v. NESWIT REALTY COMPANY, A CORPORATION OF NEW JERSEY, BUILDER AND OWNER, AND CENTER REALTY COMPANY, A CORPORATION OF NEW JERSEY, MORTGAGEE, RESPONDENT.

Argued February 12, 1931—Decided October 19, 1931.

For the appellant, *Aaron A. Melniker*.

For the respondent, Center Realty Company, *Stein, McGlynn & Hannoch* (*Samuel Roessler*, of counsel).

The opinion of the court was delivered by

DALY, J.   The Neswit Realty Company, as builder and owner, commenced the erection and construction of a five-story brick apartment house on lands owned by it at the corner of Grant avenue and Bergen avenue, Jersey City, on or about March 1st, 1927; and Posnak & Turkish, Incorporated, the plaintiff-appellant, furnished materials for the erection and construction of the building, from March 17th, 1927, to January 10th, 1928.

The Neswit Realty Company mortgaged the lands to the defendant, Center Realty Company, for $125,000, which mortgage was recorded on April 14th, 1927; and it, the Neswit Realty Company, again mortgaged the lands to the Center Realty Company for the further sum of $10,000, which mortgage was recorded on September 29th, 1927.

On March 13th, 1928, Charles H. Engler Lumber Company, which had also furnished materials for the erection and construction of said building, filed a mechanic's lien against the

building and lands, and commenced action thereon in the Hudson County Circuit Court; in which action only the Neswit Realty Company, the owner of the land, was made a party defendant as the Engler company had subordinated its lien to the Center Realty Company mortgages. Judgment followed, and under an execution issued thereon, the sheriff sold the lands and premises on May 24th, 1928, for $1,861.71, subject to the mortgages of the Center Realty Company. As a matter of fact and law, the sale was subject to a number of other mortgages, then against the premises, as no attempt had been made to cut off the holders of the mortgages by making them defendants in the summons and complaint.

An order of distribution was made by the Circuit Court of the proceeds of the sale under the execution of the Engler judgment, in which distribution Posnak & Turkish, Incorporated, participated, receiving and accepting the sum of $487.84, as its distributive share of the proceeds of the sale, as one of the concurrent lien claimants. At the time of the distribution, seventeen mechanics' liens against the property, totaling about $55,000, and which included that of Posnak & Turkish, Incorporated, for $15,550.04, had been filed.

On April 23d, 1928, forty-one days after the filing of the Engler lien, and thirty-one days before the sale under the Engler execution, Posnak & Turkish, Incorporated, filed a mechanics' lien for $15,550.04 for the materials it had furnished for the erection and construction of the building and, on April 26th, 1928, commenced action thereon in the Hudson County Circuit Court, making the Center Realty Company, mortgagee, a defendant; and making all the other lien claimants, including the Engler Lumber Company, defendants, claiming that all the liens of the other claimants were subordinate to its lien because they had postponed and subordinated their liens to the liens of the Center Realty Company's mortgages. There was a trial of the action, without jury, by agreement, on June 30th, 1930, and, upon the above stated facts, the plaintiff moved for "a direction of verdict in favor of the plaintiff, generally against the owners

of Neswit Realty Company, and specially to be made of the lands and premises described in the lien claim and complaint, and to have priority over the mortgage of the Center Realty Company." This was denied by the trial judge, who, on the contrary, upon motion of defendant, did direct a verdict in favor of the defendant, Center Realty Company. It is from this directed verdict in favor of the Center Realty Company that we now have this appeal of the plaintiff, Posnak & Turkish, Incorporated; and, many, if not all, of the contentions made by the appellant on this appeal were heard and considered before by this court, in the case of *Harris* v. *Neswit,* 104 *N. J. Eq.* 465.

Subsequent to the sheriff's sale of May 24th, 1928, under the special *fieri facias* following the Engler mechanic's lien judgment, Annie Harris, the holder of a mortgage against these premises, which had been recorded before the erection and construction of the building had commenced, filed a bill to foreclose her mortgage, making all parties having any lien or liens of any character or description defendants in the suit, including Center Realty Company, Charles H. Engler Lumber Company and Posnak & Turkish, Incorporated, and also including the then owner, Bergen & Grant Corporation, which owner had acquired title from Charles Engler who was the purchaser at the sheriff's sale under the special *fieri facias* of Engler Lumber Company.

Bergen & Grant Corporation, the owner of the premises at the time of the commencement of the Harris foreclosure, was endeavoring to refinance the property, and this necessitated the payment of all the mortgages, including those of the Center Realty Company. Posnak & Turkish, Incorporated, have ascertained that it was the intention of the owner to pay off the mortgages, obtained from the Court of Chancery, an order restraining the owner, Bergen & Grant Corporation, from paying the Center Realty Company's mortgages, basing its right to such relief upon the assertion that its mechanic's lien was a prior lien to the Center Realty Company's mortgages, and hence was first entitled to be paid, and that unless the relief sought for was granted,

there would be nothing left for the petitioner, out of which it could satisfy its lien claim. This court held there was no legal basis for the order; and Mr. Justice Kalisch, speaking for the court, said: "The legal effect of the sale, made by the sheriff, by authority of the special *fieri facias,* under the lien claim judgment of the Engler Lumber Company, was, by virtue of section 28 of the Mechanics' Lien law (3 *Comp. Stat.* 1910, *p.* 3310), for the benefit of all the lien claimants, for the premises were apparently sold under and by force of said section, clear of all mechanics' liens. * * *;" and he further declared, "it would be a preposterous position to take, that each lien claimant is entitled to come in, after a sale has been made of the property, under a special *fieri facias,* and obtain another *fieri facias* to enforce his lien claim by a sale of the same property." It was further held by the learned jurist that, "to avoid any such absurd result, section 29 of the Mechanics' Lien act (3 *Comp. Stat.* 1910, *p.* 3311) provides that all liens are concurrent liens for erecting, adding to, repairing or altering the same building, &c., and are to be paid *pro rata,* out of the proceeds thereof, when sold by virtue of the act. It is therefore quite obvious that the sale of the premises in question, under the lien claim judgment of the Engler Lumber Company, by force of section 28 of the Mechanics' Lien act, had the legal effect to wipe out the lien claim of Posnak & Turkish, Incorporated. This being so, it had had no interest whatever in the contemplated action of the owner of the property paying off any or all of the mortgage encumbrances thereon."

Notwithstanding the reasoning, conclusions, and the statement of the law, in *Harris* v. *Neswit, supra,* the lien claimant, Posnak & Turkish, Incorporated, now the plaintiff-appellant in this case, contends that it is entitled to have such verdict and judgment as would give it the right to "another *fieri facias* to enforce its lien claim by a sale of the same property" —in other words, to have a verdict and judgment "to be made of the lands and premises described in the lien claim and complaint"—lands and premises which are now in the owner-

ship, not of Neswit Realty Company, builder and owner, but of an innocent third party, who acquired title from the purchaser at the sheriff's sale under the special *fieri facias* of the Engler mechanic's lien judgment; and it, the appellant, intimates that it is prompted and encouraged because Mr. Justice Kalisch, in concluding his opinion in *Harris* v. *Neswit, supra,* stated, "if the sheriff's sale did not have the legal effect to extinguish the lien of Posnak & Turkish, Incorporated, then it is quite obvious that the latter can enforce its lien against the land, irrespective of the fact, whether or not the owner of the lands pays off the mortgage encumbrance thereon."

The substance of the argument of the plaintiff-appellant is that its lien had a statutory priority, as of the commencement of the building, to the lien of the mortgage of Center Realty Company, and that when it issued its summons and complaint, within the time fixed by statute, making the mortgagee a defendant, to cut off the lien of the mortgage, as provided by statute, it, Posnak & Turkish, Incorporated, upon proving its claim at the trial, was entitled to a special *fieri facias* against the property, which would cut off the lien of the mortgage, and make the mortgagee subordinate to it in the distribution of the proceeds of the sale under its *fieri facias,* unless the mortgagee affirmatively proved at the trial of the action that the mortgage-money had been used in the erection and construction of the building; and that, since the Center Realty Company, mortgagee, was made a defendant to the mechanics' lien action of the plaintiff, and had failed to affirmatively prove that the mortgage-money had been used in the building, it, Posnak & Turkish, Incorporated, was entitled to the verdict and judgment which the court below denied it. And, the plaintiff-appellant further contends, that since its lien claim was filed, and its summons and complaint were served, within the time fixed by statute, its right to a judgment and *fieri facias,* which would cut off the lien of the mortgage, could not be precluded by a previous sale of the premises under a special *fieri facias,* flowing from the judgment of another mechanic's lien claimant, which

sale had been made subject to the lien of the mortgage because such mechanic's lien claimant had, previous to the filing of his lien claim, postponed and subordinated his mechanic's lien to the lien of the mortgage.

Standing by itself, this claim apparently makes good argument. But, why did Posnak & Turkish, Incorporated, stand by and permit this sale to be made, and then without protest or objection, share, as a concurrent lien claimant, in the distribution of the proceeds of the sale? And Posnak & Turkish, Incorporated, was a concurrent lien claimant, under section 29 of the Mechanics' Lien act, *supra.* There is no merit in the contention of appellant that its claim and the Engler claim were in different classes; for though the Mechanics' Lien act effects preference in payment as to a lien for a laborer's wages, and while there may be agreements by mechanics' lien claimants as between themselves, or with claimants of other liens, relative to their statutory priorities, still the statute itself does not recognize different classes among such mechanics' lien claimants as those in this case; and, under said section 29 of the Mechanics' Lien act, *supra,* all of the seventeen lien claims filed in this case were concurrent liens upon the building and lands, to be paid *pro rata* out of the proceeds of a sale made under the provisions of the Mechanics' Lien act, *supra.*

It is the clear purpose of the Mechanics' Lien act, that a sale thereunder should give the purchaser at the sale the title the owner had at the time of the commencement of the improvement, or that he subsequently acquired, free and clear of all mechanics' liens. This is not a case where a mechanic's lien claimant did not know that which was going on. Posnak & Turkish, Incorporated, makes no claim of fraud, deception or lack of knowledge. The facts and circumstances of the case compel the mind to the conviction that Posnak & Turkish, Incorporated, had actual knowledge that the Engler summons and complaint had not made Center Realty Company, mortgagee, a defendant; and it certainly had constructive notice of the filing of the Engler lien, summons and complaint. However, assuming that plaintiff

did not have actual knowledge of the contents of the Engler lien, summons and complaint, as they were respectively filed, it did have actual knowledge for at least thirty-one days before the sheriff's sale on May 24th, 1928, that, if the Engler judgment were enforced, the premises would be sold subject to the Center Realty Company mortgagee; and the proof that it had this actual knowledge for at least this length of time is demonstrated by the fact that in its lien claim, filed on April 23d, 1928, it recites the fact that the Engler judgment had been recovered on March 16th, 1928, and makes the claim that such judgment is subordinate to its mechanic's lien. So that though it had actual knowledge for at least a month, it did nothing to enforce its claim of priority over the Engler claim or over the Center Realty Company mortgage; it made no plea or protest to the Circuit Court, or any other court, that action and sale under the Engler judgment would work injury or injustice to it; and, worse, it did nothing to prevent a sale which, according to its conception of the law and the factual situation, as it presents such conception in its brief, would, as a matter of course, gravely deceive and injure the purchaser at the sale, who had the right to believe that, upon the payment of his bid, he would get a deed from the sheriff, which would, under section 28 of the Mechanics' Lien law, *supra,* give him a title free of all mechanics' liens, including that of Posnak & Turkish, Incorporated. As heretofore stated, plaintiff cannot reasonably contend it had not full notice and ample time to take proceedings to prevent a sale of the premises subject to the mortgages, but it does complain there was no procedure in the law which it could have taken to stay the sale until it could have established a situation which would have enabled it to come in ahead of the mortgagees. It is not the duty of the court here to specify to Posnak & Turkish, Incorporated, a procedure which it could have followed; it is now sufficient to say that the law is not so impotent in this respect that there was no legal proceeding which Posnak & Turkish, Incorporated, could have taken before the sale which would have secured it any rights to which it was entitled. Of course, the law is not, and was not, so weak and inadequate.

The ultimate question in this case is, whether, under the stated facts and circumstances, the sheriff's sale on the mechanics' lien *fieri facias* under the Engler judgment, in which the plaintiff-appellant, Posnak & Turkish, Incorporated, participated, as a concurrent lien claimant, to the extent of receiving its distributive share of the proceeds, extinguished the claim of Posnak & Turkish, Incorporated, as against the mortgagee of the premises, Center Realty Company, not made a party defendant in the Engler lien suit; and also extinguished the claim of Posnak & Turkish, Incorporated, as against the property, which is now in the hands of an innocent owner, who acquired title from a purchaser in good faith at the sheriff's sale. The answer is that the sale did so extinguish the mechanics' lien claim of Posnak & Turkish, Incorporated, plaintiff-appellant.

The verdict and judgment below should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.