Essex County Circuit Court.

CHANNEL LUMBER COMPANY OF BELLEVILLE, NEW JERSEY, PLAINTIFF, v. MAURICE S. TROTTA ET AL., ETC., DEFENDANTS.

Decided February 25, 1942.

For the plaintiff, *Milton J. Finkelstein.*

For the defendants Trotta, *Stanley J. Gedney, Jr.*

WILLIAM A. SMITH, C. C. J.   This is a suit brought to enforce a mechanics' lien claim on premises situate in Essex County, the plaintiff having furnished material for the erection of the building upon the property described and having filed a notice of intention and a mechanics' lien claim.

The defendants Trotta, who are sued as the owners, are now moving to strike out the summons because they charge that all the persons having any interest in the real estate sought to be impressed by the lien whose interest might be affected by a sale thereunder, have not been joined as parties defendant.   The effect of this motion is to set up non-joinder of parties, and the persons claimed as non-joined as developed on the argument, were other parties who have given notice of intention or who have filed lien claims thereunder pursuant to the statute.

The basis for this claim as to non-joinder is *R. S.* 2:60-135; *N. J. S. A.* 2:60-135, which is the section of the Lien Claim Act which provides for the enforcement of the lien claim by statute.   That act provides with regard to the parties, after referring to the action being brought against builder,

owner and mortgagees of records, as follows: "* * * or other person, whose interest in the property would be affected or cut off by judgment and sale thereunder."

It is my view that other lien claimants are not contemplated as parties whose interest would be affected or cut off by a sale was referred to, as these lien claimants will share equally with the lien claimants prosecuting the lien claim suit. *R. S.* 2:60-163; *N. J. S. A.* 2:60-163. The parties contemplated by that section are parties whose interest may be adverse to the lien claimants' and who may be affected by reason of sale which would divest the interest of the owners pursuant to *R. S.* 2:60-161.

The other lien claimants are not in this category, as they are taken care of by a separate proceeding, as is provided for in *R. S.* 2:60-164; *N. J. S. A.* 2:60-164. That act provides that the sheriff conducting the sale shall pay the proceeds thereof to the clerk of the Circuit Court and that then there shall be a distribution by the court among the claimants; and the section also provides for the filing of a caveat where a claimant's claim is disputed.

The case of *Posnak, &c.,* v. *Neswit Realty Co.,* 108 *N. J. L.* 126; 156 *Atl. Rep.* 484, in effect decides that a sale under a mechanics' lien cuts off the right of another lien claimant to have the property sold, though not a party to the lien claim suit; and I think Mr. Justice Parker in the case of *Naidech* v. *Hempfling,* 127 *N. J. L.* 430, recognized the impropriety of making as a party another materialman who had filed notice of intention where a mechanics' lien suit was being prosecuted. He said at the conclusion of that opinion (at *p.* 433): "The point is not before us, but we notice in the second count of the complaint a claim that the lien of the plaintiffs is superior to that of a certain plumbing supply company, which filed a 'notice of intention' a week after that of the plaintiffs. As to this, we content ourselves with a citation of the section numbered *R. S.* 2:60-163; *N. J. S. A.* 2:60-163, which seems to provide that all lien claims on the same building are concurrent."

The defendants' motion will therefore be denied.